Lindley, J.
(dissenting). I respectfully dissent. Defendant was convicted of criminal possession of a weapon in the second degree under Penal Law § 265.03 (3), which makes it a class C felony to possess a loaded firearm. The statute provides an exception, however, for possession of a loaded firearm in one’s “home or place of business” (id.). Here, defendant was charged with possessing a loaded firearm at a McDonald’s restaurant in Buffalo where he was employed as a manager. I agree with defendant that he possessed the weapon at his “place of business” inasmuch as he undisputedly worked at the restaurant in question and, thus, that the evidence is legally insufficient to establish that he violated section 265.03 (3). I would therefore reduce defendant’s conviction to criminal possession of a weapon in the fourth degree (§ 265.01 [1]), a class A misdemeanor.
As cited by the People, there are several decades-old Appellate Division decisions that narrowly construe the home or place of business exception to apply only to persons “attempting to protect certain areas in which they have a possessory interest and to which members of the public have limited access” (People v Buckmire, 237 AD2d 151, 151 [1997], lv denied 90 NY2d 902 [1997]; see People v Francis, 45 AD2d 431, 434 [1974], affd on other grounds 38 NY2d 150 [1975]; People v Fearon, 58 AD2d 1041, 1041 [1977], cert denied 434 US 1036 [1978]). The Courts in those cases determined, in essence, that the legislature could not possibly have meant that “place of business” literally means “place of business,” and they therefore adopted a limited definition of that phrase, which is not defined in the statute. In my view, the statute is clear and unambiguous on its face, and there is thus no need to discern the legislature’s intent. In any event, if the legislature had wanted to limit the places of business to which the exception of section 265.03 (3) applies, it could easily have done so.
Finally, although McDonald’s employees may have been prohibited by their employer from bringing firearms to work, that would merely be grounds for terminating defendant’s employment or otherwise disciplining him; it would not make his conduct illegal. The legality of an employee’s conduct cannot and should not be determined by reference to an employee *1496 handbook.
Present — Centra, J.P., Lindley, NeMoyer, Curran and Troutman, JJ.